**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1340**

———————

JIA FU ZHENG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A98-120-853)

———————

Submitted:  September 22, 2006      Decided:  October 13, 2006

———————

Before MOTZ and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Frank R. Liu, New York, New York, for Petitioner.  Rod J.
Rosenstein, United States Attorney, Allen F. Loucks, Assistant
United States Attorney, Baltimore, Maryland, for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jia Fu Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Zheng challenges the Board's finding that his testimony was not credible and that he otherwise failed to meet his burden of proof to qualify for asylum. We will uphold a negative credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Zheng failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

Similarly, because Zheng does not qualify for asylum, he is also ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Finally, substantial evidence supports the finding that Zheng fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Zheng failed to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED